MARTÍNEZ, DEMANDANTE Y APELADO, v. AMERICAN RAILROAD
COMPANY OF PORTO RICO, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez
en un caso sobre declaración de servidumbre e indemni-
zación de daños y perjuicios.

MOCIÓN de la parte apelada para que se desestime la apelación.

No. 1044.—Resuelto en enero 22, 1914.

DESESTIMACIÓN DE APELACIÓN—CASOS ORIGINADOS EN LAS CORTES MUNICIPALES—
CUANTÍA DE LA SENTENCIA.—Cuando esta corte al revocar la sentencia ape-
lada en un caso originado en una corte municipal ordena a la corte de
distrito correspondiente que fije la cuantía de la indemnización y fijada ésta
en $100 la parte perjudicada apela para ante este tribunal, esta apelación
debe ser desestimada, porque la cuantía de la sentencia apelada no excede
de $300, cantidad necesaria para que esta corte tenga jurisdicción en tales
casos.

Los hechos están expresados en la opinión.
El apelado compareció por escrito en nombre propio.
Abogado de la apelante: Sr. *Federico G. Pérez Almiroty.*
EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.
En este caso se presentó primeramente una demanda en
la Corte Municipal de Mayagüez ejercitando la acción confe-
soria de servidumbre e indemnización de daños y perjuicios.
La Corte de Distrito de Mayagüez dictó oportunamente su
sentencia contra el demandante e interpuso este recurso de
apelación para ante este tribunal, que revocó dicha sentencia.
*Martínez* v. *The American Railroad Company,* opinión emitida
por esta corte el día 28 de junio de 1913. Habiendo quedado
establecida por este tribunal la existencia de dicha servidum-
bre devolvió las actuaciones, ordenando que se determinaran
los daños y perjuicios sufridos. De conformidad con dicha sen-
tencia, la corte de distrito condenó a la demandada a pagar la
suma de $100, sin especial condenación de costas, contra cuya
sentencia interpuso dicha demandada recurso de apelación.
La sentencia que ha dictado recientemente la Corte de Distrito
de Mayagüez es por la expresada suma de $100, en concepto

de daños y perjuicios y no contiene ningún otro pronunciamiento.

El apelado presentó una moción para que este tribunal desestimara de oficio dicha apelación por falta de jurisdicción. Esta moción fué debidamente notificada a la apelante, no habiendo comparecido ninguna de las partes en el acto de la vista. Cuando el apelado presenta una moción sobre desestimación, la corte actúa por virtud de dicha moción y por tanto su acción no es de oficio.

Como este fué un caso que se originó en la corte municipal y habiéndose resuelto anteriormente la cuestión principal, quedó limitada la controversia pendiente a fijar la cuantía de los daños y perjuicios reclamados en la demanda, y como tales daños y perjuicios se han fijado en la sentencia en la suma de $100, la cuantía de la sentencia apelada no excede de la suma de $300, determinante de la jurisdicción de esta Corte Suprema en casos de esta naturaleza. Por tanto, visto el artículo 295 del Código de Enjuiciamiento Civil, tal como ha sido enmendado por el artículo 6°. de la Ley de 9 de marzo, 1905, y la opinión de esta corte en el caso de *Nadal* v. *The American Railroad Company,* resuelto en noviembre 14, 1913, debe desestimarse la apelación.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.